UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
RAMY LAKAH,                                )
                                           )
                     Plaintiff,            )   Civil Action No.:
                                           )
          v.                               )
                                           )   **COMPLAINT**
UNITED STATES DEPARTMENT OF STATE,         )
JOHN F. KERRY, in his official capacity as )
Secretary of State, BUREAU OF CONSULAR     )
AFFAIRS, MICHELE THOREN BOND, in her       )
official capacity as Assistant Secretary of State )
for Consular Affairs, EMBASSY OF THE       )
UNITED STATES, CAIRO, EGYPT, R.            )
STEPHEN BEECROFT, in his official capacity )
as Ambassador Extraordinary and Plenipotentiary )
of the United States of America to the Arab )
Republic of Egypt                          )
                                           )
                     Defendants.           )
------------------------------------------------------------ X

Plaintiff, by and through his undersigned counsel, Moritt Hock & Hamroff LLP, as and for his complaint respectfully alleges as follows:

**PARTIES**

1. Plaintiff is a resident of the Arab Republic of Egypt and is a named party in a case in the United States District Court for the Southern District of New York captioned <u>In re Application of Ramy Lakah and Michel Lakah v. UBS AG, et al.</u>, Civil Action No. 07-CV-2799 (LAP) (the "Underlying Action").

2. Defendant United States Department of State is the United States federal executive department responsible for the international relations of the United States and is headquarted at 2201 C St. NW Washington, DC 20520.

3. John F. Kerry is the current Secretary of State who functions as the head of the U.S. Department of State.

4. The Bureau of Consular Affairs is part of the U.S. Department of State that provides passport services to U.S. citizens, issues Visas to enter the U.S., manages the Diversity Visa Lottery, and provides services to U.S. citizens abroad. The Bureau of Consular Affairs is located at 2201 C Street, NW Washington, DC 20520.

5. Michele Thoren Bond is the assistant secretary for the Bureau of Consular Affairs.

6. The Embassy of the United States in Cairo, Egypt is an arm of the U.S. State Department located in Cairo, Egypt.

7. Stephen Beecroft is the ambassador who serves as the head for the Embassy of the United States in Cairo, Egypt.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1361, 5 U.S.C. §§ 555(b), 701, 702, 704, and 706.

9. Venue is proper in this Court pursuant to 28 U.S.C 1391(b)(3).

## FACTS

10. Plaintiff Ramy Lakah originally applied for a nonimmigrant visa to come to the United States on or about November 24, 2014. This application remained pending without action through January 2016.

11. In January 2016, Plaintiff's counsel sent the United States Embassy in Cairo urgently requesting action on Plaintiff's visa application in light of the then-pending March 14, 2016 trial date.

12. In response, Mr. Lakah was advised to apply for the Electronic System for Travel Authorization ("ESTA") visa waiver program.

13. On January 26, 2016, Plaintiff Lakah applied for the ESTA program.

14. On January 27, 2016, Plaintiff Lakah's ESTA application was denied without explanation.

15. Plaintiff Lakah was subsequently advised to re-apply for a regular visa, which he did on February 6, 2016.

16. On or about February 8, 2016, Plaintiff Lakah's counsel had a conversation with a consular official in Cairo regarding the urgency of Mr. Lakah's application given the then-pending March 14, 2016 trial date. At that point, Plaintiff's counsel was informed that non-immigrant visa applications were typically granted within ten to fourteen days of the applicant's visa interview.

17. Plaintiff Lakah had his visa interview on March 17, 2016.

18. At the time of his interview, Mr. Lakah was given paperwork indicating that the maximum time for a visa decision would be approximately six (6) weeks.

19. On April 29, 2016, approximately six weeks later, Plaintiff Lakah's counsel sent the consular section of the United States Embassy in Cairo an urgent email regarding the status of Mr. Lakah's visa application.

20. On May 4, 2016, Plaintiff Lakah's counsel received a responsive email stating that Mr. Lakah's application was "still undergoing mandatory administrative processing," and that "there is no way to speed this process."

21. Plaintiff Lakah has periodically checked the status of his visa application on line, including as recently as May 24, 2016. Each time, he has received a message that "your visa case is currently undergoing necessary administrative processing."

22. The respondents in the Underlying Action are seeking to pierce the corporate veil to hold Plaintiff Ramy Lakah and his brother personally liable for more than $100 million in corporate debts.

23. Plaintiff Lakah urgently needs to travel to the United States to meet with his counsel prior to the trial of the Underlying Action. He also needs to be able to appear and testify on his own behalf in the Underlying Action, and to be able to assist his counsel during the trial.

24. In the alternative, if Plaintiff's visa application is denied, Plaintiff requires adequate notice prior to trial so that he can make alternative arrangements for video testimony from a remote location.

25. The Underlying Action is presently scheduled for trial on July 5, 2016.

### FIRST CAUSE OF ACTION FOR A WRIT OF MANDAUMUS

26. Plaintiff repeats and realleges paragraphs 1 through 24 inclusive of the Complaint herein, with the same force and effect as though the same were fully set forth herein.

27. On February 6, 2016, Plaintiff applied for a nonimmigrant via to enter the United States to meet with his counsel and to attend the trial in the Underlying Action, in which he is a named party.

28. Defendants have unreasonably failed to adjudicate Plaintiff's nonimmigrant visa application within a reasonable period of time.

29. Plaintiff has no administrative remedy to correct Defendants' inaction regarding Plaintiff's visa application.

30. As a result of Defendants' failure to adjudicate Plaintiff's first visa application, Plaintiff was required to request that this Court reschedule his trial from March 14, 2016 to July 5, 2016.

31. Plaintiff Lakah will be irreparably harmed if he is unable to travel to the United States to meet with his counsel and to testify on his own behalf in the Underlying Action.

32. In the alternative, if Plaintiff's visa application is denied, Plaintiff will require sufficient time to permit Plaintiff to arrange for his testimony in the Underlying Action by video conference.

33. Plaintiff is interested in receiving a decision from Defendants on his visa application so that Plaintiff can inform this Court whether he will be physically able to attend the Trial.

34. Defendants owe Plaintiff a nondiscretionary ministerial duty to adjudicate his nonimmigrant visa application within a reasonable period of time manner pursuant to 22 C.F.R § 41.106 22 and C.F.R. § 41.121.

35. The website for the U.S. State Department states that the processing time for a nonimmigrant visa from the U.S. Embassy in Cairo is three business days and 60 days if additional administrative processing is required.

36. Defendants' delay in processing Plaintiff's nonimmigrant visa application is well beyond the parameters provided for by State Department and is therefore unreasonable and violates the Administrative Procedure Act, 5 U.S.C. §§ 555(b), 701, and 706.

**DEMAND FOR RELIEF**

WHEREFORE, Plaintiff respectfully request that this Court:

    a.    Enter judgment against Defendants compelling them to decide Plaintiff's nonimmigrant visa application;

    b.    Grant Plaintiff his attorney's fees and costs;

    c.    Grant such other and further relief as this court deems fair and appropriate.

Dated: May 25, 2016  
New York, New York

        Respectfully submitted,

        **MORITT HOCK & HAMROFF LLP**

        By:   /s Bruce A. Schoenberg  
               Bruce A. Schoenberg  
               450 Seventh Avenue, 15th Fl.  
               New York, New York 10123  
               (212) 239-2000  
               bschoenberg@morithock.com  
               *Attorneys for Plaintiff*